## BOREL vs. FUSILLIER.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

When a stipulation is made, prolonging payment, on *condition* that the debtor pays interest *annually;* the latter must shew a *performance of the condition* on his part, to entitle him to *its* benefit.

If the defendant relies on the performance of certain conditions which entitle him to an extension of credit, he must shew by proof, a *performance*—the plaintiff is not required to shew a non-performance.

The allegation that interest was not paid is a *negative assertion*, which according to the rules of evidence, throws the proof on the adversary.

On the 28th of February, 1828, Magdelaine Borel, sold to the defendant, F. Fusillier, several slaves for 3,500 dollars. The act of sale contained the following clause, upon which this case turns:—"and the balance (thirty-one hundred dollars) to be paid by the said Fusillier, in three equal annual instalments, from and after the date hereof; and each instalment if not paid when due, with 8 per cent per annum interest from *that* time until paid; *and it is further agreed, &c. that the said F. Fusillier is not to be compelled to pay any of the said instalments until two years after the last one becomes due, by paying interest at the rate of 8 per cent per annum on each instalment* ANNUALLY, *after they respectively become due.*" This suit was brought to recover the last instalment, which became due the 28th February, 1831. The defendant denied that it had become *due* and *payable* according to the stipulations in the act of sale. The plaintiff had judgment and the defendant appealed.

*Brownson*, for plaintiff, contended that the right claimed for the defendant is merely a conditional one; and that to entitle him to its benefit, he must shew a compliance on his part with the obligation which he has contracted.

*Simon*, for defendant, argued to shew, that he was not bound to pay the amount sued for, until two years after the instalments become due, on paying 8 per cent. per annum interest: No interest is yet due on the amount sued for, so that if it be considered as a condition, *it* is not yet forfeited.

2. As to the proof of payment of interest on the second instalment, the benefit given by the act of postponing the payment to two years, is to be applied to each instalment separately; and that the forfeiture of the condition as to one instalment, does not deprive the defendant of the right of delaying the payment of the others.

3. And again, the clause about delaying the payment is a mere stipulation of interest and *not* a condition; and that the

· defendant owes nothing until two years after the *last instalment* becomes due, at which time he will owe the principal and interest.

*Porter*, *J.* delivered the opinion of the court.

This action is brought to recover the last instalment of the price of certain slaves, which the defendant purchased of the plaintiff. There was judgment against the former, in the court below, and he has appealed.

The sale was made at *one, two,* and *three* years' credit, with a further stipulation, that in case the purchaser choose, he might postpone the payment of the whole price for two years after the last instalment, on paying interest at eight per centum per annum on the amount of each instalment as it became due. There is no evidence on record in respect to the first two instalments; and the appellant contends that, in the absence of all proof relating to them, this action should be considered premature, and must be dismissed; for that if he paid the interest on them, or if he has discharged the principal, he has a right to demand an extension of credit on the last instalment for two years, on paying *interest* at eight per centum.

We are, however, of opinion that if the defendant intended to rely on the performance of certain acts on his part, which would authorize him to claim an extension of the credit, that it was his duty to establish those facts, and that the plaintiff is not required to shew a nonperformance. The pleadings in this case do not in any manner authorize a different conclusion. The allegation in the petition, that the interest was not paid, is a negative assertion, which, according to the familiar rules of evidence, throws the proof on the adversary.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

When a stipulation is made, prolonging payment, on condition that the debtor pays interest annually, the latter must shew a performance of the condition on his part, to entitle him to its benefit.

If the defendant relies on the performance of certain conditions which entitle him to an extension of credit, he must shew by proof a performance----the plaintiff is not required to shew a nonperformance.